# United Presbyterian Church's Petition. Wm. Teuteberg's Appeal.

*Trusts and trustees—Sale of church property—Deed.*

An owner of land executed a deed for a lot of land to himself and certain others as trustees of a church, " their successors in office and assigns as trustees aforesaid; to have and to hold the said described lot of ground in trust for said church and for the sole use and behoof of the congregation organized for the purpose of building on said lot and worshipping in said building." Subsequently, upon the incorporation of the church, the successors of the trustees other than the original owner executed a deed of the lot to the corporation. It did not appear that at the date of this deed the original owner was a trustee. *Held,* that the original owner had no standing to object to a sale of the lot by the church.

Argued Nov. 8, 1894.   Appeal, No. 273, Oct. T., 1894, by
William Teuteberg, from decree of C. P. No. 2, Allegheny Co.,
July T., 1894, No. 731, authorizing sale of real estate.   Before
STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL,
DEAN and FELL, JJ.   Affirmed.

Petition for leave to sell real estate.

From the record it appeared that, on Jan. 31, 1870, William
Teuteberg executed the following deed :

" This indenture, made the 31st day of January, 1870, between
William Teuteberg, of Killbuck township, Allegheny county,
Pa., of the one part, and Oliver Shannon, J. P. Fleming, James
Gilleland, William Teuteberg and William G. Young, trustees
of the United Presbyterian Church, of Fleming Station, Alle-
gheny county and state of Pennsylvania, of the second part,
Witnesseth that the said party of the first part, for and in
consideration of the sum of five hundred dollars lawful money
of the United States of America unto him well and truly paid
by the said parties of the second part, at or before the sealing
and delivery of these presents, the receipt whereof is hereby
acknowledged, have granted, bargained, sold, aliened, enfeoffed,
released, conveyed and confirmed and by these presents do
grant, bargain, sell, &c., unto the second parties and their suc-
cessors in office and assigns as trustees, all that lot of ground
near Fleming Station, &c., (describing the lot.)

" To have and to hold the said described lot of ground in
trust for said church, and for the sole use and behoof of the
congregation organized for the purpose of building on said lot
and worshipping in said building, hereditaments and premises,
&c. (as in ordinary form of deed) to their successors and
assigns forever."

A church building was erected upon the lot conveyed by the
deed, and, in 1871, the church was incorporated.   In 1894,
William Anderson, Alexander Stewart, James Little, Edward
Werneberg and James S. Kidd, the trustees of the church,
conveyed the lot to the corporation known as the United Pres-
byterian Church at Fleming Station.   On June 25, 1894, the
church presented a petition praying for leave to sell the lot to
John S. Robb, Esq., for $1,200.   William Teuteberg filed an
answer to the petition in which he averred that the title to the

lot still remained in the original trustees under his deed, their successors and assigns; that the congregation of Fleming station had abandoned the lot, and had built a church on another lot, and were now trying to sell the original lot without any sufficient or legal title having ever been given to them. He further averred that the trust was a special one for the use of the church worshiping in the building erected on the lot.

The court below filed the following opinion :

" The answer of William Teuteberg is evasive in this: He denies that the original trustees named in the deed from William Teuteberg had made a conveyance to the corporation, but the deed from himself makes the successors of the original trustees the persons who hold, that is, the acting trustees at any given time. It is not denied that the trustees who would have any power over the land at the time of conveyance made the conveyance to the corporation, as alleged in the petition. We are of the opinion that when William Teuteberg made his conveyance to the trustees and their successors for the sole use and behoof of the congregation, organized for the purpose of building on said lot and worshiping in said building, he parted with all his interest therein except as a member of the congregation. He has no interest affected by this provision ; we are of the opinion that the proposed sale is within the proper power of the congregation and is for its interest in furtherance of the purposes of the deed. This case is ruled by Redman's Appeal, 139 Pa. 67, and cases therein cited."

A decree was entered accordingly.

*Error assigned* was above decree, quoting it.

*N. W. Shafer*, for appellant, cited: Church's Petition, 139 Pa. 61; Perry on Trusts, § 735; Harvard College v. Society, 3 Gray, 280; Henderson v. Hunter, 59 Pa. 340.

*Walter M. Lindsay, John S. Robb, Jr.*, with him, for appellee, cited: Redman's Ap., 139 Pa. 67; Wright v. Linn, 9 Pa. 433; McKissick v. Pickle, 16 Pa. 140; Griffiths v. Cope, 17 Pa. 96; Pickle v. McKissick, 21 Pa. 232; Barr v. Weld, 24 Pa. 84; Brendle v. Cong., 33 Pa. 415; Church v. Pub. Co., 103 Pa. 608; Wilkes-Barre v. Wyoming Soc., 134 Pa. 616.

PER CURIAM, Jan. 7, 1895:

An examination of this record discloses no error in the decree or in the proceedings leading up thereto. Appellant's deed of January 31, 1870, to Oliver Shannon and others, "trustees of the United Presbyterian Church of Fleming Station," etc., "in trust for said church, and for the sole use and behoof of the congregation," etc., contains no condition or provision that gives him any special standing to object to the decree. Neither of the specifications of error is sustained.

Decree affirmed and the appeal dismissed with costs to be paid by appellant.